IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN STRACK,                                                          No. 2:06-CV-02202-NRS

vs.

ROSANNE CAMPBELL, WARDEN

ORDER

The Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (habeas petition) now comes before the court for decision. The court dismisses Petitioner's habeas petition because it is moot.

BACKGROUND

Because the parties are familiar with the factual background of this case, the court highlights here only the events giving rise to the current federal action. Petitioner was convicted on two counts of first degree murder, and single counts of burglary, robbery, and vehicle theft in 1976. On February 23, 2005, the California Board of Parole Hearings ("BPH") found Petitioner unsuitable for parole. However, on June 9, 2005, the BPH vacated the February ruling in order to allow Petitioner time to undergo a psychological evaluation that was supposed to have been done earlier. The psychological evaluation was completed on June 29, 2005, after which the BPH held another parole suitability hearing. The BPH again

denied parole on August 24, 2005.  Prior to the second BPH hearing, Petitioner sought habeas relief in Amador County Superior Court, challenging the February 23, 2005 finding.  The court denied his petition in a reasoned opinion.  Petitioner then sought review in the California Court of Appeal and the California Supreme Court.  Both denied relief.  He then filed his current federal action.  At no point has Petitioner challenged the BPH's August 24, 2005 finding.  On December 30, 2010, the court issued an administrative stay on this case pending the Ninth Circuit's decision in *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc).  This court now lifts that stay and decides this matter.

## HABEAS PETITION

In his habeas petition, Petitioner alleged two ground for habeas relief:  (1) his Due Process rights were violated when the BPH found him unsuitable for parole in the absence of "some evidence" of future dangerousness; and (2) the BPH's finding violated the Eighth Amendment.  The court does not reach these arguments, however, because Petitioner's claim is moot.

"In general a case becomes moot 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'"  *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (quoting *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980)).  Here, there is no live controversy.  Petitioner challenges the results of the February 23, 2005 hearing, which was vacated in order to allow Petitioner to undergo a psychological examination.  Petitioner has not challenged the outcome of the August 24, 2005 hearing.

Nor does this case fall into the "capable of repetition" exception to the mootness doctrine.  The Supreme Court has instructed that the mootness doctrine does not apply to cases that are capable of repetition, yet avoid review.  *Murphy*, 445 U.S. at 482.  In order for this doctrine to apply, however, a case must meet two

requirements: (1) "the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration;" and (2) "there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Id.* at 482 (internal quotation marks and citation omitted).  Because the February 23, 2005 hearing was vacated quite shortly after its issuance (June 9, 2005), this case likely meets the first element.  However, there was no chance that Petitioner would be subjected to the same action again, since the subsequent hearing incorporated the results of the Petitioner's psychological evaluation, thereby resulting in a different action.  In short, this court is not in a position to invalidate the results of the February 23 hearing, where the BPH itself vacated the results of that hearing to conduct a more thorough one.  If Petitioner wishes to challenge the outcome of the August 24 hearing, he may do so.  Thus far, he has chosen not to do so.

Accordingly, IT IS HEREBY ORDERED that:
Petitioner's habeas petition is dismissed on all grounds without prejudice.

DATED: **September 27, 2010**

_____

Honorable N. Randy Smith
Ninth Circuit Court of Appeals Judge

3